IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| WINESTORE HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| v. | ) | |
| | ) | |
| METROKANE INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, WINESTORE HOLDINGS, LLC ("Plaintiff" or "Winestore"), for its Complaint against METROKANE INC. ("Defendant" or "Metrokane"), alleges as follows:

1. Plaintiff Winestore Holdings, LLC brings this action pursuant to 17 U.S.C. § 501 *et seq.*, 15 U.S.C. §§ 1114 and 1125, North Carolina General Statutes § 75 et seq., and North Carolina common law, seeking injunctive relief and damages against Defendant Metrokane Inc., for copyright infringement, trademark infringement, unfair competition, and unfair and deceptive trade practices, and alleges as follows:

## PARTIES

2. Winestore is a Kentucky limited liability company, registered to do business in North Carolina, with a principal place of business at 720 Governor Morrison Street, Suite 150, Charlotte, North Carolina 28211, and is doing business in this State and District.

3. Upon information and belief, Metrokane is a New York corporation with its principal place of business at 964 Third Avenue, New York, New York, 10155.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367.

5. This Court has personal jurisdiction over Metrokane because, on information and belief, Metrokane is doing business in this State and District and because Metrokane has intentionally directed tortious conduct toward the State of North Carolina, knowing that such conduct would cause harm to Winestore in North Carolina.

6. Venue is proper in the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. §§ 1391(b) and (c).

## FACTUAL BACKGROUND

7. Winestore is a wine retailer, offering wine for purchase both in its retail store locations in the Charlotte, North Carolina area and through its website, located at http://winestore-online.com.

8. Winestore is the owner of U.S. Copyright Registration No. VA 1-659-982 for a work entitled "Wine Glasses and Bottle" (hereinafter, the "Wine Glasses and Bottle Design"), which design is depicted below:



9. U.S. Copyright Registration No. VA 1-659-982 for the Wine Glasses and Bottle Design is effective as of September 15, 2008. A true and correct copy of Winestore's federal copyright registration for the Wine Glasses and Bottle Design is attached hereto as Exhibit A.

10. Winestore is also the owner of U.S. Service Mark Registration No. 3,272,921 for its design (hereinafter, the "Wine Glasses and Bottle Mark"), which design mark is shown below:



11. A true and correct copy of Winestore's federal service mark registration for the Wine Glasses and Bottle Mark is attached hereto as Exhibit B.

12. Winestore's application for its U.S. Service Mark Registration No. 3,272,921 was filed on October 4, 2005, and confers a right of priority to Winestore, nationwide in effect, for the mark as used in connection with retail store services featuring wine.

13. In addition, Winestore has common law rights in its proprietary Wine Glasses and Bottle Mark in connection with its retail services featuring wine, based on its use of the mark since at least as early as 2006.

14. Winestore's Wine Glasses and Bottle Mark and Wine Glasses and Bottle Design (collectively, the "Winestore Design") are identical.

15. Upon information and belief, Metrokane is using a design (hereinafter, the "Metrokane Design") that is nearly identical to the Winestore Design in connection with a wine aerator product that is offered at, among other places, the Metrokane website at http://www.metrokane.com/product/84/rabbit-swish-on-glass-aerator.aspx.

16. Metrokane's wine aerator product bearing the Metrokane Design is shown below:



17. The Metrokane Design is substantially and confusingly similar to the Winestore Design.

18. The goods offered by Metrokane bearing the Metrokane design are substantially similar to those offered by Winestore in connection with the Winestore Design, and are offered through the same or similar channels of trade as those used by Winestore to offer its goods, namely, the Internet and retail stores offering wine and related products.

## COUNT I
## COPYRIGHT INFRINGEMENT – 17 U.S.C. § 501

19. Winestore realleges and incorporates by reference the foregoing paragraphs.

20. Winestore owns valid and enforceable copyright rights in the Wine Glasses and Bottle Design.

21. Metrokane has violated Winestore's exclusive right to reproduce, prepare derivative works of, distribute, and/or display publicly its copyrighted Wine Glasses and Bottle Design, in violation of 17 U.S.C. §§ 106 and 501.

22.     Metrokane has knowingly and willfully infringed Winestore's copyright rights in its Wine Glasses and Bottle Design.

23.     Pursuant to 17 U.S.C. § 504, Winestore is entitled to damages against Metrokane, including actual damages and any additional profits of Metrokane, or statutory damages.

24.     Winestore is entitled to recover its full costs against Metrokane and its reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

25.     Winestore is entitled to injunctive relief, pursuant to 17 U.S.C. § 502, and the impoundment, destruction or other disposition of the infringing goods, pursuant to 17 U.S.C. § 503.

26.     Metrokane's infringement of Winestore's Wine Glasses and Bottle Design, in violation of 17 U.S.C. §§ 106 and 501, has caused irreparable injury to Winestore.  Upon information and belief, unless restrained and enjoined, Metrokane will continue to infringe the Wine Glasses and Bottle Design.

27.     Winestore's remedy at law is not adequate to redress the harm Metrokane has caused and will continue to cause until its conduct is restrained, entitling Winestore to injunctive relief pursuant to 17 U.S.C. § 502 and the equitable authority of this Court.

## COUNT II
## TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114

28.     Winestore realleges and incorporates by reference the foregoing paragraphs.

29.     Winestore owns valid and enforceable service mark rights in its Wine Glasses and Bottle Mark, and has the exclusive right to use such service mark in commerce in connection with retail store services featuring wine.

30. Metrokane has, without Winestore's consent, used in commerce a mark that is nearly identical to Winestore's Wine Glasses and Bottle Mark in connection with the sale, offering for sale, distribution, and advertising of goods in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive, in violation of 15 U.S.C. § 1114(1)(a).

31. Metrokane has knowingly and willfully infringed Winestore's rights in its federally-registered Wine Glasses and Bottle Mark, by virtue of its advertisement, distribution, and sale of a wine aerator product bearing a mark that is nearly identical to Winestore's Wine Glasses and Bottle Mark, using the same channels of trade Winestore uses to offer its services.

32. On information and belief, as a result of Metrokane's infringement, Winestore has suffered damages, including lost sales, lost profits and lost goodwill.

33. Winestore is entitled to damages in an amount to be proven at trial, pursuant to 15 U.S.C. §§ 1117(a) and (b).

34. On information and belief, Metrokane's infringement of Winestore's rights in its Wine Glasses and Bottle Mark, in violation of 15 U.S.C. § 1114, has caused irreparable injury to Winestore's reputation and goodwill. Upon information and belief, unless restrained and enjoined, Metrokane will continue to infringe Winestore's rights in its Wine Glasses and Bottle Mark.

35. Winestore's remedy at law is not adequate to redress the harm Metrokane has caused and will continue to cause until its conduct is restrained, entitling Winestore to injunctive relief pursuant to 15 U.S.C. § 1116 and the equitable authority of this Court.

## COUNT III
## UNFAIR COMPETITION – 15 U.S.C. § 1125

36. Winestore realleges and incorporates by reference the foregoing paragraphs.

37. Winestore owns valid and enforceable service mark rights in its Wine Glasses and Bottle Mark, and has the exclusive right to use such mark in commerce in connection with its retail store services featuring wine.

38. Metrokane's use of a mark that is nearly identical, and at least substantially and confusingly similar, to Winestore's Wine Glasses and Bottle Mark, on Metrokane's wine aerator product, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Metrokane with Winestore, or as to the origin, sponsorship, or approval of Metrokane's wine aerator product by Winestore, in violation of 15 U.S.C. § 1125(a)(1)(A).

39. Metrokane's use of a mark that is nearly identical to Winestore's Wine Glasses and Bottle Mark, in the commercial advertising or promotion of Metrokane's wine aerator product, misrepresents the nature, characteristics, qualities, and origin of its goods, in violation of 15 U.S.C. § 1125(a)(1)(B).

40. Metrokane has competed unfairly with Winestore and realized unjust profits as a result of its unfair competition.

41. Metrokane has knowingly and willfully infringed Winestore's rights in its mark by virtue of its advertisement, distribution, and sale of a wine aerator product bearing a mark that is nearly identical to Winestore's Wine Glasses and Bottle Mark, using the same channels of trade Winestore uses to offer its services.

42. On information and belief, as a result of Metrokane's infringement, Winestore has suffered damages, including lost sales, lost profits, and lost goodwill.

43. Winestore is entitled to damages in an amount to be proven at trial, pursuant to 15 U.S.C. §§ 1117(a) and (b).

44. On information and belief, Metrokane's infringement of Winestore's rights in its marks, in violation of 15 U.S.C. § 1125, has caused irreparable injury to Winestore's reputation and goodwill. Upon information and belief, unless restrained and enjoined, Metrokane will continue to infringe Winestore's rights.

45. Winestore's remedy at law is not adequate to redress the harm Metrokane has caused and will continue to cause until its conduct is restrained, entitling Winestore to injunctive relief pursuant to 15 U.S.C. § 1116 and the equitable authority of this Court.

## COUNT IV
## COMMON-LAW TRADEMARK INFRINGEMENT

46. Winestore realleges and incorporates by reference the foregoing paragraphs.

47. Winestore owns valid and enforceable service mark rights in its Wine Glasses and Bottle Mark, and has the exclusive right to use such mark in commerce in connection with retail store services featuring wine.

48. Metrokane's use of a mark that is nearly identical, and at least substantially and confusingly similar, to Winestore's Wine Glasses and Bottle Mark, on Metrokane's wine aerator product, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Metrokane with Winestore, or as to the origin, sponsorship, or approval of Metrokane's wine aerator product by Winestore.

49. By offering a wine aerator product bearing a mark that is nearly identical to Winestore's Wine Glasses and Bottle Mark, through the same channels of trade used by Winestore, Metrokane is unlawfully passing off its goods as those of Winestore.

50. As a result of Metrokane's infringement, Metrokane has been unjustly enriched and Winestore has suffered damages, including lost sales, lost profits and lost goodwill.

51. Metrokane's infringement of Winestore's rights in its Wine Glasses and Bottle Mark has caused irreparable injury to Winestore's reputation and goodwill. Upon information and belief, unless restrained and enjoined, Metrokane will continue to infringe Winestore's rights.

52. Winestore's remedy at law is not adequate to redress the harm Metrokane has caused and will continue to cause until its conduct is restrained.

## COUNT IV
## UNFAIR AND DECEPTIVE TRADE PRACTICES – N.C.G.S. § 75 et seq.

53. Winestore realleges and incorporates by reference the foregoing paragraphs.

54. Metrokane's acts as alleged herein have been willful, reckless, wanton, egregious, unfair, unethical, deceptive and unscrupulous.

55. Metrokane's conduct, which is in or affecting commerce, constitutes unfair methods of competition and/or unfair and deceptive acts or practices, within the meaning of North Carolina General Statutes § 75-1.1 and North Carolina common law.

56. Winestore has been damaged by Metrokane's conduct and is entitled to monetary and injunctive relief pursuant to North Carolina General Statutes § 75 et seq. and other applicable law, such as an award of monetary damages, including the amount of the actual losses caused to Winestore by Metrokane's unfair competition, lost profits, disgorgement of the unfair gains and other unjust enrichment benefiting Metrokane, attorneys' fees and costs pursuant to North Carolina General Statutes § 75-16.1, and treble damages pursuant to N.C. Gen. Stat. § 75-16, together with any and all amounts to be shown at trial.

WHEREFORE, Winestore respectfully requests that the Court:

(A) Permanently enjoin Metrokane, its officers, agents, representatives, employees, and those persons acting in concert or participation with Defendant, from using the Metrokane

Design, or any other mark, design, or symbol which is likely to cause confusion, mistake, or deception with respect to Winestore's Wine Glasses and Bottle Mark, pursuant to 15 U.S.C. § 1116(a);

(B) Preliminary and permanently enjoin Metrokane and its officers, agents, representatives, employees, and those persons acting in concert or participation with Metrokane from:

    (i) directly or indirectly importing, reproducing, preparing derivative works of, selling, offering for sale, making, distributing, and/or publicly displaying copies of the Wine Glasses and Bottle Design, either through the Metrokane Design or otherwise; and

    (ii) otherwise engaging in acts of copyright infringement of the Wine Glasses and Bottle Design;

(C) Order Metrokane to pay all actual damages suffered by Winestore as a result of Metrokane's infringing activities, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117(a);

(D) Order Metrokane to disgorge all profits attributable to Metrokane's infringing activities, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117(a);

(E) Grant Winestore a monetary award to account for Metrokane's unlawful conduct;

(F) Order Metrokane to offer up for impounding, during the pendency of this action, all product bearing the Metrokane Design, pursuant to 17 U.S.C. § 503(a);

(G) As part of a final judgment or decree, order Metrokane to destroy all product bearing the Metrokane Design, pursuant to 17 U.S.C. § 503(b);

(H) Grant Winestore treble damages and attorney's fees, due to the willful, reckless, wanton, egregious, unfair, unethical, deceptive and unscrupulous conduct of Metrokane, pursuant to 15 U.S.C. § 1117(a) and N.C. Gen. Stat. §§ 75-16 and 75-16.1;

(I) Grant Winestore its attorney's fees, pursuant to 17 U.S.C. § 505;

(J) Order that Defendant pay the costs of this action, pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117(a); and

(K) Grant such other and further relief as this Court deems just and equitable.

Winestore demands a trial by jury on all issues so triable.

Date: October 15, 2013

Respectfully submitted,

s/ J. Mark Wilson
J. Mark Wilson
N.C. State Bar No. 25763
Kathryn G. Cole
N.C. State Bar No. 39106
Moore & Van Allen PLLC
Suite 4700
100 North Tryon Street
Charlotte, NC 28202-4003
Telephone (704) 331-1000
Facsimile (704) 339-5981
Email: markwilson@mvalaw.com
Email: katecole@mvalaw.com

*Attorneys for Winestore Holdings, LLC*